E-filing

1    PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2    Name  **LEMONT,    HERBERT    B.**
             (Last)          (First)          (Initial)

3    Prisoner Number   **E-49653**

4    Institutional Address   **PO BOX 7500, CRESCENT CITY, CA 95532**

5

6    ====================================================

7    UNITED STATES DISTRICT COURT
     NORTHERN DISTRICT OF CALIFORNIA

8    **HERBERT BRUCE LEMONT**                    CV  08      2279
     (Enter the full name of plaintiff in this action.)

9
                                          )
10                    vs.                  )     Case No. _____
                                          )     (To be provided by the clerk of court)
11   **ROBERT A. HOREL, WARDEN**          )
                                          )     PETITION FOR A WRIT
12   _____    )     OF HABEAS CORPUS    **JF**
                                          )
13   _____    )
                                          )
14   _____    )
     (Enter the full name of respondent(s) or jailor in this action)  )    **(PR)**

15

16   ====================================================
     Read Comments Carefully Before Filling In

17   When and Where to File

18        You should file in the Northern District if you were convicted and sentenced in one of these

19   counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20   San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21   this district if you are challenging the manner in which your sentence is being executed, such as loss of

22   good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23        If you are challenging your conviction or sentence and you were not convicted and sentenced in

24   one of the above-named fifteen counties, your petition will likely be transferred to the United States

25   District Court for the district in which the state court that convicted and sentenced you is located. If

26   you are challenging the execution of your sentence and you are not in prison in one of these counties,

27   your petition will likely be transferred to the district court for the district that includes the institution

28   where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

1  Who to Name as Respondent

2      You must name the person in whose actual custody you are.  This usually means the Warden or

3  jailor.  Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced.  These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now and the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  A.  INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11      1.  What sentence are you challenging in this petition?

12          (a)    Name and location of court that imposed sentence (for example; Alameda

13                 County Superior Court, Oakland):

14  LOS ANGELES CO. SUPERIOR COURT        LONG BEACH, CA

15          Court                                  Location

16          (b)    Case number, if known  A043632

17          (c)    Date and terms of sentence 2/23/1990; 61 YEARS S.P.

18          (d)    Are you now in custody serving this term?  (Custody means being in jail, on

19                 parole or probation, etc.)           Yes X       No _____

20                 Where?

21                 Name of Institution: PELICAN BAY STATE PRISON

22                 Address: P.O. BOX 7500, CRESCENT CITY, CA 95532

23      2.  For what crime were you given this sentence?  (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known.  If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  4 COUNTS CA. PENAL CODE SECTION 288(a)C.; 1 COUNT

27  P.C. SECTION 261(2); 1 COUNT P.C. 289(A); 1 COUNT

28  P.C. 12022.3(A).

3. Did you have any of the following?

    Arraignment:                     Yes _X_     No _____

    Preliminary Hearing:          Yes _X_     No _____

    Motion to Suppress:          Yes _____     No _X_

4. How did you plead?

    Guilty _____    Not Guilty _X_    Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury _X_    Judge alone_____    Judge alone on a transcript _____

6. Did you testify at your trial?          Yes _X_     No _____

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment            Yes _X_     No _____

    (b)    Preliminary hearing      Yes _X_     No _____

    (c)    Time of plea           Yes _X_     No _____

    (d)    Trial                 Yes _X_     No _____

    (e)    Sentencing            Yes _X_     No _____

    (f)    Appeal               Yes _X_     No _____

    (g)    Other post-conviction proceeding    Yes _____     No _X_

8. Did you appeal your conviction?      Yes _X_     No _____

    (a)    If you did, to what court(s) did you appeal?

            Court of Appeal          Yes _X_     No _____

            Year: **1990**    Result: **DENIED (AFFIRMED) 5/8/91**

            Supreme Court of California      Yes _____     No _____

            Year: _____    Result:_____

            Any other court          Yes _____     No _____

            Year: _____    Result:_____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

1   petition?                                    Yes _____   No X

2   (c)   Was there an opinion?                  Yes X   No_____

3   (d)   Did you seek permission to file a late appeal under Rule 31(a)?

4                                                Yes _____   No X

5   If you did, give the name of the court and the result:

6   _____

7   _____

8   9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9   this conviction in any court, state or federal?          Yes X    No

10   [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition.  You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit.  28

15   U.S.C. §§ 2244(b).]

16   (a)   If you sought relief in any proceeding other than an appeal, answer the following

17   questions for each proceeding.  Attach extra paper if you need more space.

18   I.   Name of Court: LONG BEACH SUPERIOR COURT

19   Type of Proceeding: HABEAS CORPUS PETITION

20   Grounds raised (Be brief but specific):

21   a. UPPER-TERM SENTENCE IMPOSED (" CUNNINGHAM

22   . V. CALIFORNIA, 127 S. Ct. 856) INPROPERLY.

23   c. _____

24   d. _____

25   Result: DENIED              Date of Result: 8/9/07

26   II.   Name of Court: CALIFORNIA COURT OF APPEAL, 2ND DIST.

27   Type of Proceeding: HABEAS CORPUS PETITION

28   Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS          - 4 -

a. _IMPROPER UPPER-TERM SENTENCE ("CUNNINGHAM")_

b._____

c._____

d._____

Result: _DENIED_____ Date of Result: _9/19/07_

III   Name of Court: _CALIFORNIA SUPREME COURT_

Type of Proceeding: _HABEAS CORPUS PETITION_

Grounds raised (Be brief but specific):

a. _SAME (IMPROPER UPPER-TERM SENTENCE)._

b._____

c._____

d._____

Result: _DENIED_____ Date of Result: _4/9/08_

IV.   Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____ Date of Result:_____

(b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____    No _X_

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS          - 5 -

1  need more space.  Answer the same questions for each claim.

2      [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3  petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5      Claim One: PETITIONER WAS DEPRIVED OF HIS RIGHT TO TRIAL

6  BY JURY (ON SENTENCING) AND PROOF OF FACTS BE-

7  ~~~~~~ YOND A REASONABLE DOUBT, UNDER THE

8  6TH AND 14 AMENDMENTS, IN VIOLATION OF CUNNINGHAM

9  V. CALIFORNIA, 127 S.Ct. 856 ; BY THE SENTENCING

10  JUDGE, SHEILA F. POKRA'S IMPROPER USE OF

11  ~~~~~ AGGRAVATING FACTS TO IMPOSE UPPER

12  TERMS; ON EACH COUNT.

13  1. → Supporting Facts: PETITIONER WAS CONVICTED OF 6 (SIX)

14  FELONY CHARGES, ON FEBRUARY 8, 1990. ON FEBRUARY

15  23 1990 PETITIONER WAS SENTENCED TO THE MAXI-

16  MUM UPPER TERM OF 8 YEARS, FOR EACH COUNT.

17  ~~~~~~ NONE OF THE FACTS USED IN AGGRAVA-

18  TING THE SENTENCE TO THE UPPER TERM FOR

19  ~~~~~~ EACH COUNT, BY SHEILA F. POKRAS,

20  WERE TRIED OR FOUND TRUE BY A JURY. JUDGE

21  POKRAS IMPOSED UPPER TERMS FOR EACH COUNT,

22  USING CIRCUMSTANCES OF THE CRIME AND→
                                    (CONTINUED→

23      If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  " CUNNINGHAM V. CALIFORNIA" NOT DECIDED

26  BY U.S. SUPREME COURT UNTIL 1/22/07.

27  _____

28  _____

PET. FOR WRIT OF HAB. CORPUS      - 6 -

7. ~~Second or Ground~~ 1, *(if applicable):* SUPPORTING FACTS, (CONTINUED FROM PAGE 6)

_____

_____

_____

_____

a. Supporting facts: (CONTINUED)

FACTS IN AGGRAVATION INCLUDING: THE VICTIM WAS PAR-
TICULARLY VULNERABLE; THE NATURE, PLANNING AND SO-
PHISTICATION OF THE CRIME; THE CRUELTY AND THREAT
OF BODILY INJURY TO THE VICTIM; AND THE MANNER IN
WHICH THE CRIME WAS COMMITTED. (SEE PETITION-
ERS EXHIBITS "A", B, AND "C", ATTACHED TO THIS
PETITION.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

~~b. Supporting facts~~

_____

_____

_____

_____

_____

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2 are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3 of these cases:

4 _CUNNINGHAM V. CALIFORNIA, 127 S. Ct. 856_

5 _BLAKELY V. WASHINGTON, 542 U.S. 296_

6 _TEAGUE V. LANE, 489 U.S. 288_

7 Do you have an attorney for this petition?                    Yes_____    No _X_

8 If you do, give the name and address of your attorney:

9 _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11 this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13 Executed on _4/17/08_                              _____

14            Date                                    Signature of Petitioner

15

16

17

18

19

20 (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS        -8-                    PAGE 8

# EXHIBIT A

NEXT 17 PAGES
FOLLOWS THIS PAGE

PETITIONER'S EXHIBIT "A" (PAGES 13)

E49653



RECEIVED

'89 DEC 7   AM 11 11

CASE RECORDS OFFICE

1

2

3

4

5

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF LOS ANGELES

10   DEPARTMENT SOUTH "M"              HON. SHEILA F. POKRAS, JUDGE

11

12   THE PEOPLE OF THE STATE OF CALIFORNIA,     )
                                                )
13                                   PLAINTIFF, )
                                                )
14        VS.                                   )   NO. NA 043632-01
                                                )
15   HERBERT BRUCE LEMONT,                      )   STATE PRISON
                                                )   AND ADVISEMENT
16                                   DEFENDANT. )   OF APPEAL RIGHTS
                                                )
17

18   LONG BEACH, CALIFORNIA; FRIDAY, FEBRUARY 23, 1990; 9:30 A.M.

19

20             ON THE ABOVE DATE, THE DEFENDANT BEING PRESENT IN

21   COURT AND REPRESENTED BY COUNSEL, JAMES PIPER, DEPUTY PUBLIC

22   DEFENDER OF LOS ANGELES COUNTY; THE PEOPLE BEING REPRESENTED

23   BY KENNETH LAMB, DEPUTY DISTRICT ATTORNEY OF LOS ANGELES

24   COUNTY, THE FOLLOWING PROCEEDINGS WERE HELD:

25

26        (BARBARA MATSUKANE, OFFICIAL REPORTER. CSR NO. 3618.)

27

28

                          EXH. A-1

1    THE COURT:  THEN AT THIS TIME, COUNSEL FOR MR. LEMONT

2    WAIVE FORMAL STATEMENT --

3    MR. PIPER:  EXCUSE ME, YOUR HONOR.

4    I THINK THERE'S AN ISSUE BEFORE THE COURT PRIOR

5    TO ANY SENTENCING IN THIS MATTER.

6    MR. LAMB:  WE PUT OFF TILL TODAY THE ISSUE ON THE

7    OREGON PRIOR, WHICH I HAVE THE STATUTE BEFORE ME, AND I WILL

8    PRESENT IT TO THE COURT.

9    ONLY THING I'D LIKE TO NOTE TO THE COURT IN

10   READING THE SECTION, WHICH I WILL NOW, WELL, LET ME GIVE IT

11   TO YOU.

12   COUNSEL HAS ALREADY SEEN THE SECTION.

13   THERE'S TWO CLASSIFICATIONS OF MANSLAUGHTER.

14   MR. LEMONT'S FOUND GUILTY OF CLASS 1 TYPE MANSLAUGHTER, AND

15   THERE'S TWO CONSIDERATIONS.  ONE, BASED ON PEOPLE VERSUS

16   GUERRERO, THE COURT CAN CLEARLY GO BEHIND THE RECORD TO

17   DETERMINE THE CONDUCT THAT WAS INVOLVED.

18   I KEEP HEARING THAT THIS WAS AN ACCIDENTAL

19   SHOOTING, AND I BEG TO DIFFER WITH THAT, AND READING THE

20   FACTS OF THIS SITUATION, MR. LEMONT'S IN A DARKENED ROOM OF

21   WHICH ACROSS A PARKWAY TYPE AREA HE OPEN FIRES ON A VICTIM IN

22   ANOTHER APARTMENT AS SOON AS THE PERSON WALKS IN AND TURNS

23   THE LIGHTS ON.

24   MR. LEMONT SHOULD BE THANKFUL THAT THAT CASE

25   WASN'T IN THIS COURTROOM, BECAUSE IT CERTAINLY WOULDN'T HAVE

26   BEEN A MANSLAUGHTER.

27   WHEN YOU READ THE ELEMENTS OF MANSLAUGHTER IN

28   THE OREGON STATUTE, THE FIRST ASPECT OF IT ALMOST SOUNDS LIKE

EXH. A-2

1    OUR MALICE OF MURDER, SO CLEARLY, THAT IT WOULD FIT UNDER OUR

2    MANSLAUGHTER, AND THE SECOND ONE, THE EMOTIONAL, IS WITHIN

3    OUR MANSLAUGHTER.

4         THE COURT:  THIS IS MANSLAUGHTER AND FIRST DEGREE IS

5    WHAT HE HAD?

6         MR. LAMB:  YES.

7         THE COURT:  THIS IS MANSLAUGHTER IN THE SECOND

8    DEGREE?

9         MR. LAMB:  CORRECT.

10        WHEN YOU NOTICE THE SECOND DEGREE, THAT TALKS

11   MORE ABOUT WHAT MR. LEMONT'S CLAIMING OF AN ACCIDENTAL

12   SHOOTING.

13        PEOPLE'S POSITION WOULD BE THAT WITHIN THE

14   GUIDELINES OF MANSLAUGHTER, IN THE STATE OF CALIFORNIA, THE

15   ELEMENTS REQUIRED OF MANSLAUGHTER IN OREGON WOULD CERTAINLY

16   COMPLY.

17        THE COURT:  WITH OUR STATUTE OF MANSLAUGHTER HERE?

18        MR. LAMB:  RIGHT.

19        MR. PIPER:  IF I MAY, YOUR HONOR.

20        THE COURT:  SURE.

21        MR. PIPER:  FIRST OF ALL, I WOULD OBJECT TO THE COURT

22   GOING BEHIND THE FACE OF THE CONVICTION.

23        SECONDLY, I THINK IT IS CLEAR FROM THE STATUTE,

24   WHICH COUNSEL HAS REPRESENTED TO ME THAT WAS IN EFFECT AT THE

25   TIME OF MR. LEMONT'S ALLEGED CONVICTION THAT IS BEFORE THE

26   COURT NOW, THAT THE PARTICULAR STATUTE --

27        THE COURT:  TALK ABOUT, COUNSEL, PLEASE --

28        MR. PIPER:  THAT THE STATUTE DOES NOT FALL WITHIN THE

EXH. A-3

1    PURVIEW OF 1192.7 OF THE PENAL CODE IN THAT, YOUR HONOR, THAT

2    PARTICULAR SPECIES OF MANSLAUGHTER IN 1192.7, AS I RECALL, IS

3    INTENTIONAL KILLING OF ANOTHER PERSON, AND UNDER THE

4    CIRCUMSTANCES, A PERSON CERTAINLY COULD BE CONVICTED OF

5    FIRST-DEGREE MANSLAUGHTER AS I UNDERSTAND IT TO BE BASED UPON

6    THE STATUTE THERE WITHOUT HAVING A SPECIFIC INTENT TO KILL.

7            I WOULD REFER THE COURT TO 1192.7, AND I THINK

8    TALKS ABOUT OUR VOLUNTARY MANSLAUGHTER.

9            CERTAINLY, THE CONVICTION IN OREGON HERE DOES

10   NOT RISE TO THAT.

11           IT DOES NOT FALL WITHIN THE PURVIEW OF THAT

12   SECTION, AND THEREFORE, THAT CONVICTION WOULD NOT BE A

13   FIVE-YEAR PRIOR.

14           FURTHER, I THINK THAT THE LAW IS, YOUR HONOR,

15   THAT IF THE FACE OF THE STATUTE INDICATES ON A FOREIGN, QUOTE

16   UNQUOTE, PRIOR, THAT A PERSON COULD BE CONVICTED OF THAT

17   PARTICULAR OFFENSE WITHOUT FALLING WITHIN THE STATUTE AS IT

18   EXISTS HERE IN CALIFORNIA, FOR INSTANCE, AS TO VOLUNTARY

19   MANSLAUGHTER, THAT THIS COURT, UNDER THOSE CIRCUMSTANCES,

20   SHOULD NOT CONSIDER THIS CONVICTION TO BE A FIVE-YEAR PRIOR

21   FOR PURPOSES OF THE ENHANCEMENT THAT COUNSEL HAS CHARGED, AND

22   I DON'T BELIEVE, CERTAINLY, THAT UNDER THE CIRCUMSTANCES,

23   THAT MR. LAMB HAS MET HIS BURDEN OF PROOF TO THIS COURT IN

24   THIS COURT TRIAL SITUATION BEYOND A REASONABLE DOUBT AND TO A

25   MORAL CERTAINTY THAT THAT IS THE FACTS.

26           THE COURT:  OKAY, MR. PIPER, WHAT YOU ARE SAYING IS

27   THAT UNDER OUR 1192.7(C), AS USED IN THE SECTION, SERIOUS

28   FELONY MEANS ANY OF THE FOLLOWING.

EXH. A-4

1          ONE. MURDER OR VOLUNTARY MANSLAUGHTER.

2          YOU ARE SAYING THAT THE OREGON OR WHATEVER

3  STATE THIS IS --

4          MR. PIPER:  OREGON, YES, YOUR HONOR.

5          THE COURT:  OR STATUTE DOES NOT RISE TO WHAT OUR

6  VOLUNTARY MANSLAUGHTER IS.

7          MR. PIPER:  THAT IS MY -- THAT IS MY POSITION, THAT

8  THIS IS NOT A FIVE-YEAR PRIOR UNDER CALIFORNIA LAW BECAUSE A

9  PERSON COULD BE CONVICTED UNDER THAT OREGON STATUTE, YOUR

10  HONOR, WITHOUT FALLING WITHIN THE BOUNDARIES OF OUR VOLUNTARY

11  MANSLAUGHTER STATUTE, AND UNDER THE CIRCUMSTANCES, I WOULD

12  ASK THE COURT TO DISALLOW OR ACQUIT, I GUESS I SHOULD SAY,

13  MR. LEMONT OF THAT SPECIAL ALLEGATION ON A -- CONCERNING THAT

14  FIVE YEARS.

15          THE COURT:  JUST ON THE FACE OF IT, I CAN'T SEE THAT

16  IT'S ANYTHING LESS THAN VOLUNTARY MANSLAUGHTER.

17          THEREFORE, AT THIS TIME, I WILL FIND THAT THE

18  FIVE-YEAR STATUTE DOES APPLY.

19          MR. PIPER:  THEN THE COURT IS FINDING THIS PRIOR

20  TRUE, I GUESS?

21          THE COURT:  TRUE.

22          MR. PIPER:  IN A COURT TRIAL SITUATION?

23          THE COURT:  CORRECT.

24          I DO FIND THE PRIOR UNDER THE CIRCUMSTANCES

25  SAME AS OURS UNDER VOLUNTARILY MANSLAUGHTER.

26          MR. PIPER:  ALL RIGHT, YOUR HONOR.

27          I WOULD ASK THAT WITH COUNSEL'S PERMISSION,

28  THAT THE STATUTE THAT COUNSEL HAS PROVIDED BECOME A PART OF

EXH. A-5

1  THE RECORD, OR A COPY THEREOF.

2        THE COURT:  ALL RIGHT.

3            I HAVE IN MY HAND A MARIN COUNTY DISTRICT

4  ATTORNEY'S OFFICE, AND ALL PAPERS IN THE HOMICIDE STATUTE,

5  THREE PAGES ATTACHED THERETO, WILL BECOME PART OF THE RECORD

6  AS THE PEOPLE'S NEXT IN ORDER.

7            THE CLERK WILL MAKE IT PART OF THE RECORD.

8            THEREFORE, AT THIS TIME, MR. PIPER, WAIVE

9  FORMAL ARRAIGNMENT?

10        MR. PIPER:  YES, YOUR HONOR.

11        THE COURT:  ANY OTHER LEGAL CAUSE?

12        MR. PIPER:  NOT THAT I'M AWARE OF, YOUR HONOR.

13        THE COURT:  THEREFORE, AT THIS TIME, EITHER SIDE WISH

14  TO BE HEARD?

15        MR. PIPER:  WELL, I WOULD WISH TO BE HEARD, YOUR

16  HONOR.

17            I READ THE PROBATION REPORT, AND, CERTAINLY, IT

18  ISN'T A GLOWING RECOMMENDATION OF MR. LEMONT.

19            BUT I WOULD WISH TO REMIND THE COURT THAT THIS

20  IS -- THIS ENTIRE INCIDENT TOOK PLACE IN SOMETHING APPARENTLY

21  LESS THAN 45 MINUTES OR SO, FROM WHAT I CAN TELL, OR IT MAY

22  BE AT MOST AN HOUR.

23            THAT THE ALLEGED VICTIM WAS NOT HARMED IN ANY

24  PHYSICAL SENSE THAT I'M AWARE OF.

25            THAT APPARENTLY, SHE IS MAKING SOME

26  ADJUSTMENTS, ALTHOUGH WITH MAYBE SOME DIFFICULTY.

27            I WOULD ASK THE COURT NOT TO SENTENCE

28  MR. LEMONT CONSECUTIVELY AS TO THESE CHARGES BECAUSE I THINK

EXH. A-6

1    THEY DID ARISE OUT OF THE SAME FACTS AND CIRCUMSTANCES IN

2    THAT RELATIVELY BRIEF PERIOD OF TIME.

3         THE COURT:  ALL RIGHT.

4              NOW THE PROBLEM DOES ARISE, AND WE HAD A CASE

5    ONCE BEFORE, OF COURSE, THE DIFFERENCE IS THIS IS A CHILD AND

6    A SERIES OF SEXUAL ACTS THAT OCCURRED ON ONE BRIEF

7    AFTERNOON.

8              WE'VE HAD OTHER CASES IN WHICH SEVERAL SEXUAL

9    ACTS OCCURRED BETWEEN AN ADULT FEMALE AND AN ADULT MAN ONE

10   AFTERNOON UNDER FORCE.

11             AND I WOULD HAVE TO ENUNCIATE THE VERY

12   SERIOUSNESS OF THIS SITUATION WHICH IS DIFFERENT THAN THIS

13   OTHER ACT.  THIS IS WITH A CHILD.

14             WOULD YOU LIKE TO ADDRESS THAT ISSUE?

15        MR. LAMB:  YES.

16             I'M NOT SURE.  ARE YOU DONE?

17        THE COURT:  THE IDEA THAT BEING THAT IT SHOULDN'T BE

18   CONSECUTIVE.

19        MR. LAMB:  YOUR HONOR, UNDER 667.6(C) OF THE PENAL

20   CODE, THE COURT HAS THE POWER TO SENTENCE EACH AND EVERY ONE

21   OF THESE COUNTS CONSECUTIVE.

22             THE ONLY REQUIREMENT BASICALLY WOULD BE THAT

23   THESE ACTS ARE IN ESSENCE NOT, FOR EXAMPLE, IF YOU HAVE 288

24   CHARGE, A LEWD ACT WITH A CHILD, WHICH WE DO NOT HAVE

25   CHARGED, AND THERE WAS AN ORAL COPULATION AND A SEXUAL

26   INTERCOURSE, THAT WOULD BE JUST ONE ACT BECAUSE YOU CALL IT A

27   288.

28             WE'VE GOT SEPARATE AND DISTINCTIVE ACTS, AND IF

EXH. A-7

1  THE COURT RECALLS THE EVIDENCE. THERE WAS NOT ONLY SEPARATE

2  AND DISTINCTIVE ACTS, BUT ACTS THAT WERE SEPARATED BY OTHER

3  THINGS GOING ON.

4          667.6(C) BASICALLY JUST REQUIRES THE COURT TO

5  FIND THAT, ONE, THE ACTS WERE NOT ONE ACT BEING CALLED TWO

6  DIFFERENT COUNTS, TWO DIFFERENT TYPES OF OFFENSES, BUT THEY

7  WERE SEPARATE AND DISTINCTIVE ACTS.

8          UNDER 667.6(C) AND (D), (D) REQUIRES A

9  MANDATORY SENTENCING BUT REQUIRES SEPARATE VICTIMS OR

10  SEPARATE OCCASIONS.

11          AND THAT'S WHERE MOST OF THE PROBLEMS ARISE

12  UNDER THE SENTENCING.  667(C) IS NOT MANDATORY BUT IS. AND

13  TALKS ABOUT IT BEING WITH THE SAME VICTIM, SO, CLEARLY, UNDER

14  THAT SECTION, THE COURT HAS THE RIGHT.

15          MR. PIPER:  YOUR HONOR, IF I MAY, I'M NOT QUARRELING

16  WITH THE PROPOSITION THAT THE COURT HAS THE POWER AND THE

17  DISCRETION IN THIS MATTER.

18          I WOULD POINT OUT TO THE COURT THAT THESE ACTS

19  THAT MR. LEMONT WAS CONVICTED OF, OF COURSE, COULD HAVE BEEN

20  CHARGED AS A 288, ANY OF THEM.

21          PERHAPS CHANGE THE SENTENCING STRUCTURE AS

22  MR. LAMB POINTED OUT.

23          ALTHOUGH AS I SAID BEFORE, I THINK THESE ALL

24  TOOK PLACE WITHIN A RELATIVELY BRIEF PERIOD OF TIME.  THERE

25  WAS NO PHYSICAL HARM TO THE VICTIM.

26          I ASK --

27          THE COURT:  EXCEPT FOR THE RAPE AND ORAL COPULATION

28  PHYSICAL HARM.

EXH. A-8

1    MR. PIPER:  PHYSICAL HARM IN THE SENSE IT WAS TRAUMA

2  OR SOMETHING LIKE THAT.

3    THE COURT:  THEREFORE, AT THIS TIME, THANK YOU FOR

4  BOTH ARGUMENT, COUNSEL.

5    AT THIS TIME, THE COURT HAS CONSIDERED THE

6  ARGUMENTS OF COUNSEL.

7    HAVING HEARD THE TESTIMONY AND HAVING HEARD THE

8  WITNESS AND HAVING LOOKED AT MR. LEMONT'S PAST, I DON'T THINK

9  MR. LEMONT SHOULD BE ON THE STREETS.

10    HE IS A VERY MUCH OF A DANGER TO YOUNG FEMALE

11  CHILDREN.

12    IT IS NOT SAFE -- I THINK NO CHILD IS SAFE

13  WHILE MR. LEMONT IS ON THE STREETS.

14    IT IS THE COURT'S INTENTION AT THIS TIME TO

15  SENTENCE MR. LEMONT TO THE HIGHEST SENTENCE THE COURT HAS

16  AVAILABLE TO IT.

17    DUE TO THE YOUNG VICTIM BEING, WHAT WAS SHE,

18  TEN OR TWELVE?

19    BY THE TIME SHE GOT TO TRIAL, SHE WAS TWELVE.

20    LURED INTO THIS APARTMENT UNDER, AS EVERY CHILD

21  WOULD LOVE TO BABY-SIT AND EARN SOME MONEY, BEING DUPED INTO

22  FINDING THAT THERE WAS INDEED NO BABY-SITTING.

23    THAT, AND THE FEAR THAT THIS CHILD UNDERWENT,

24  ONE COULD FEEL ON THE STAND FROM HER TESTIMONY, NAIVE,

25  TRUSTING, CHILD, MR. LEMONT SOUGHT HER OUT, PREYED UPON YOUNG

26  WOMEN, GOES TO THE LIBRARY AND GETS THEIR -- FROM HIS OWN

27  TESTIMONY, HIS OWN TESTIMONY WAS LACKING SO MUCH INSIGHT.

28    NO -- REMORSE IS NOT EVEN THE WORD FOR IT.

EXH. A-9

1  THEN HE THOUGHT EVERYTHING HE DID WAS OKAY.

2  AND EVEN FROM HIS OWN WORDS, CLEARLY, HE HAS NO

3  REGARD FOR YOUNG CHILDREN.  HE HAS A LOT OF REGARD FOR YOUNG

4  CHILDREN:  HE WANTS TO PREY ON THEM AND HAVE SEXUAL APPETITE

5  FOR THEM.

6  BUT THAT IS NOT ALLOWED IN THIS SOCIETY, AND,

7  MR. LEMONT, I DON'T THINK YOU CAN CURB THOSE FEELINGS.

8  THEREFORE, YOU SHOULD NOT BE ALLOWED OUT OF AN

9  INSTITUTION.

10  AT THIS TIME, THE COURT WILL SENTENCE AS

11  FOLLOWS.

12  AS TO COUNT I, UNDER 288(A)(C), THE FORCED ORAL

13  COPULATION, THE COURT WILL SENTENCE UNDER 1170.1, FACTORS IN

14  AGGRAVATION, OF COURSE, THE THREATS OF GREAT BODILY INJURY ON

15  THE CHILD.

16  CERTAINLY PLANNING AND SOPHISTICATION AND GREAT

17  PREMEDITATION, AND OF COURSE, THE DUPLICITY DONE TO THIS

18  CHILD OR ENACTED ON THIS CHILD TO GET HER INTO THE APARTMENT.

19  THERE ARE NO FACTORS IN MITIGATION.

20  DUE TO THE FACTORS IN AGGRAVATION OUTWEIGHING

21  THE FACTORS IN MITIGATION, THE SENTENCE WILL BE THE HIGH TERM

22  OF EIGHT YEARS.

23  UNDER THAT, THERE ARE TWO ENHANCEMENTS.

24  THE COURT IS AWARE THAT UNDER 1170.1, THERE IS

25  NO LIMITATION ON THE ENHANCEMENTS FOR SEX CRIMES.

26  THEREFORE, UNDER 12022.3, THE USE OF A DEADLY

27  WEAPON, THAT WILL BE THE FLARE GUN, THERE WILL BE AN

28  ADDITIONAL THREE YEARS.

EXH. A-10

1   UNDER 667.9, THE VICTIM BEING UNDER THE AGE OF

2   14, AN ADDITIONAL TWO YEARS.

3   THE TOTAL BEING 13 YEARS FOR COUNT I.

4   AS TO COUNT II, THE FORCIBLE RAPE, A SEPARATE

5   AND DISTINCT ACT, THE COURT ONCE AGAIN WILL CHOOSE THE

6   HIGH-BASE TERM FOR THE FACTORS CONSIDERED SEPARATE ACT.

7   AGAIN, THE DUPLICITY OF THE DEFENDANT, THE

8   VULNERABILITY OF THE CHILD, AND THE COURT WILL IMPOSE THE

9   HIGH-BASE TERM FOR THE FORCIBLE RAPE OF EIGHT YEARS.

10   THE COURT IS ALSO TAKING INTO CONSIDERATION

11   MR. LEMONT'S PRIOR HISTORY.

12   ADDITIONAL TWO YEARS UNDER COUNT II UNDER

13   667.9, FOR A TOTAL OF TEN YEARS.

14   THAT IS CONSECUTIVE, AND COUNT II SHALL BE

15   CONSECUTIVE TO COUNT I UNDER 667.6(C), MAKING IT

16   CONSECUTIVE.

17   AS TO COUNT III, UNDER THE 288(A)(C), ORAL

18   COPULATION, THE COURT, AGAIN, SEPARATE AND DISTINCT ACT, THE

19   COURT, AGAIN, WILL IMPOSE THE HIGH-BASE TERM OF EIGHT YEARS.

20   SENTENCING CONSIDERATION IS MR. LEMONT'S LACK

21   OF REMORSE. THE PLANNING AND PREMEDITATION INVOLVED. AND

22   VIOLATION OF TRUST AS STATED BEFORE.

23   THE ENHANCEMENT UNDER THAT, UNDER 667.9, CHILD

24   BEING UNDER THE AGE OF 14, ANOTHER TWO YEARS FOR A TOTAL OF

25   TEN YEARS AS TO COUNT III. CONSECUTIVE TO II AND I UNDER

26   SENTENCING 667.6(C).

27   AS TO COUNT IV, 289, PENETRATION BY A FOREIGN

28   OBJECT, THE COURT WILL CHOOSE THE ADDITIONAL EIGHT YEARS.

EXA. A-11

1    ONCE AGAIN, THE FACTORS OF THE CHILD'S AGE, THE

2    VULNERABILITY, THE CLEAR DUPLICITY, AND THAT MR. LEMONT'S OWN

3    SEXUAL HISTORY.

4    THE COURT WILL IMPOSE THE HIGH-BASE TERM OF

5    EIGHT YEARS.  AND UNDER 667.10, THE ADDITIONAL ENHANCEMENT

6    THAT THE CHILD WAS UNDER 14, AND THAT THE DEFENDANT HAD

7    COMMITTED PRIOR SEXUAL ACTS, AN ADDITIONAL TWO YEARS FOR A

8    TOTAL OF TEN, CONSECUTIVE TO COUNTS III, II, AND I UNDER

9    667.6(C).

10    AS TO COUNT V, UNDER 288(A)(C), THE ORAL

11    COPULATION, ANOTHER DISTINCT AND SEPARATE ACT, THE COURT WILL

12    MAKE THAT CONSECUTIVE TO COUNTS IV, III, II, AND I.

13    HIGH-BASE TERM OF EIGHT YEARS.  THERE ARE NO

14    FACTORS IN MITIGATION.  THE FACTORS IN AGGRAVATION, OF

15    COURSE, ARE ONCE AGAIN, THE CHILD'S VULNERABILITY AND

16    MR. LEMONT'S PREVIOUS HISTORY.

17    THE -- THAT WILL BE EIGHT YEARS, AND UNDER

18    667.9,, BECAUSE THE CHILD WAS UNDER THE AGE OF 14, AN

19    ADDITIONAL TWO YEARS, FOR A TOTAL OF TEN YEARS CONSECUTIVE

20    WITH THE OTHER COUNTS.

21    AS TO COUNT VI, 288(A)(C), ORAL COPULATION, THE

22    COURT WILL IMPOSE AN ADDITIONAL EIGHT YEARS, HIGH-BASE TERM.

23    THIS IS A DISTINCT AND SEPARATE ACT.  AND ALL

24    OF THESE WERE NOT SO CLOSE TOGETHER IN TIME.

25    ALTHOUGH COUNSEL IS STATING 45 MINUTES, TO THIS

26    YOUNG CHILD, IT MUST HAVE SEEMED AN ETERNITY.  IT CERTAINLY

27    SEEMED TO THIS COURT AN ETERNITY WHEN SHE WAS DESCRIBING TO

28    THE COURT THE ACTS AND HER FEAR.

EXH. A-12

1   UNDER COUNT VI, THEN, EIGHT YEARS TOP.  AN

2   ADDITIONAL TWO YEARS UNDER 667.9, BEING UNDER THE AGE OF 14,

3   FOR A TOTAL OF TEN YEARS CONSECUTIVE WITH V, IV, III, II, AND

4   I.

5        THE TOTAL IN THIS SENTENCE IS 63 YEARS.

6        IN ADDITION, THERE ARE TWO PRIORS WHICH HAVE

7   BEEN PLEADED AND PROVED UNDER 667(A).

8        THE PRIORS ARE FIVE YEARS EACH FOR A TOTAL OF

9   AN ADDITIONAL TEN YEARS.

10       THE TOTAL SENTENCE BEING 73 YEARS.

11       AND IF MR. LEMONT IS EVER GRANTED PAROLE, IT IS

12  THE OPINION OF THIS COURT THAT HE SHOULD NOT BE GRANTED

13  PAROLE.

14       MR. LAMB:  YOUR HONOR, JUST SO THE RECORD IS CLEAR,

15  IS THE COURT CHOSING TO SENTENCE MR. LEMONT UNDER 667.6(C)

16  FOR THE CONSECUTIVE SENTENCES WITH REGARD TO THE POSSIBILITY

17  OF 1170.1?

18       THE COURT:  HAVE I CONSIDERED THE OPTION OF 1170.1?

19       MR. LAMB:  CORRECT.

20       THE COURT:  YES, I HAVE CONSIDERED THE OPTION OF

21  1170.1, AND BECAUSE OF MR. LEMONT'S BACKGROUND, THE CRUELTY

22  OF HIS CRIMES, HIS CRIMINAL HISTORY, THE DUPLICITY USED ON

23  THIS CHILD, CHILD'S FEAR AND TORMENT, I FIND THAT THIS --

24  MR. LEMONT IS A VERY DANGEROUS SEXUAL OFFENDER, AND AS I

25  STATED BEFORE, NO CHILD IS SAFE ON THE STREETS.

26       THEREFORE, THE -- SAFE AS LONG AS MR. LEMONT IS

27  NOT ON THE STREETS --- THE CONSECUTIVE SENTENCE WILL BE A

28  HIGH-BASE TERM.

EXH. A-13

1       AT THIS TIME, THE COURT WILL GRANT CREDITS OF

2   --

3       MR. PIPER:  YES, YOUR HONOR.

4       I BELIEVE THE CREDITS IN THIS MATTER RUN BACK

5   TO THE DATE OF THE OFFENSE, AND --

6       THE COURT:  IF I HAVE NOT STATED BEFORE, PROBATION IS

7   -- MR. LEMONT IS NOT ELIGIBLE FOR PROBATION UNDER

8   1203.065(A).

9       THE COURT STATED BEFORE ALL ITS REASONS WHY

10  PROBATION IS NOT AVAILABLE IN THIS CASE.

11      MR. PIPER:  I BELIEVE THAT THE 281 DAYS ACTUAL

12  CREDITS ARE CORRECT, YOUR HONOR.

13      FROM MAY 19TH, 1989 TILL TODAY.

14      THE COURT:  140 ADDITIONAL.  221 ALTOGETHER.

15      I'M SORRY.  321, EXCUSE ME, 421.  I STAND

16  CORRECTED.

17      $100 INTO THE RESTITUTION FUND.

18      NOW IN ADDITION, MR. LEMONT, YOU HAVE THE RIGHT

19  FOR ME TO ANNOUNCE IN OPEN COURT YOUR RIGHT TO APPEAL.

20      DO YOU WISH FOR ME TO ANNOUNCE IN OPEN COURT

21  YOUR RIGHTS OR WOULD YOU LIKE TO WAIVE THAT AT THIS TIME?

22      MR. PIPER:  I DON'T KNOW THAT THAT'S NECESSARY.

23      I WILL ADVISE --

24      THE COURT:  WOULD YOU ASK YOUR CLIENT?

25      I NEED HIS PERSONAL WAIVER.

26      MR. PIPER:  DO YOU WISH TO BE ADVISED OF YOUR RIGHTS

27  TO APPEAL ON THE RECORD?

28      THE DEFENDANT:  YES.

EXH. A-14

1      THE COURT:  THEREFORE, YOU HAVE A RIGHT TO APPEAL

2   FROM THE JUDGMENT OF THE SUPERIOR COURT.

3      IF YOU WANT TO FILE AN APPEAL, THERE IS A

4   60-DAY TIME LIMIT WITHIN WHICH YOU MUST ACT BY FILING A

5   WRITTEN NOTICE OF APPEAL.

6      THIS 60 DAYS STARTS TO RUN FROM TODAY.

7      YOUR NOTICE OF APPEAL MUST BE FILED IN THIS

8   COURT AND NOT IN THE COURT OF APPEAL.

9      YOUR NOTICE OF APPEAL MUST CLEARLY SPECIFY THAT

10  YOU ARE APPEALING, JUST WHAT IT IS YOU ARE APPEALING FROM,

11  WHETHER YOU ARE APPEALING FROM THE WHOLE JUDGMENT OR JUST

12  PART OF IT.

13      AND YOUR NOTICE OF APPEAL MUST BE SIGNED BY YOU

14  OR YOUR ATTORNEY.

15      IF YOU APPEAL, YOU HAVE THE RIGHT AT NO COST TO

16  YOU TO A TRANSCRIPT AND RECORD OF THE TRIAL COURT PROCEEDINGS

17  AS PROVIDED FOR BY THE CALIFORNIA RULES OF COURT.

18      IF YOU APPEAL AND YOU DON'T HAVE THE MONEY TO

19  HIRE A LAWYER, THE APPELLATE COURT WILL APPOINT A LAWYER TO

20  REPRESENT YOU ON APPEAL.

21      IT IS YOUR OBLIGATION TO KEEP THE APPELLATE

22  COURT ADVISED OF YOUR CURRENT MAILING ADDRESS.

23      THEY THEN WILL BE IN TOUCH WITH YOU TO SEE

24  WHETHER YOU HAVE A RIGHT TO A FREE LAWYER AFTER YOU HAVE

25  FILED THE NOTICE OF APPEAL.

26      YOU UNDERSTAND WHAT I TOLD YOU SO FAR, SIR?

27      THE DEFENDANT:  YES, I DO.

28      THE COURT:  THANK YOU, SIR.

EXH. A-15

1          THEREFORE, MR. PIPER, ARE YOU FILING THAT

2    APPEAL AT THIS POINT?

3        MR. PIPER:  YES.

4          I'M ASSISTING HIM IN FILING HIS APPEAL, YOUR

5    HONOR.

6        THE COURT:  ALL RIGHT.

7          (PROCEEDINGS WERE CONCLUDED.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXH. A-16

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2               FOR THE COUNTY OF LOS ANGELES

3

4    DEPARTMENT SOUTH "M"          HON. SHEILA F. POKRAS, JUDGE

5

6    THE PEOPLE OF THE STATE OF CALIFORNIA,      )
                                                 )
7                              PLAINTIFF,   )
                                                 )
8         VS.                                )  NO. NA 043632-01
                                                 )
9    HERBERT BRUCE LEMONT,                  )  REPORTER'S
                                            )  CERTIFICATE
10                             DEFENDANT.   )
                                                 )
     _____

11

12   STATE OF CALIFORNIA    )
                            )  SS
13   COUNTY OF LOS ANGELES  )

14

15        I, BARBARA MATSUKANE, OFFICIAL REPORTER OF THE

16   SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY OF

17   LOS ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE

18   AND CORRECT TRANSCRIPT OF THE PROCEEDINGS HELD AT THE TIME OF

19   PRONOUNCING SENTENCE; AND NOTIFICATION OF APPEAL RIGHTS,

20   PURSUANT TO RULE 250 OF THE CALIFORNIA RULES OF COURT; THAT

21   THE VIEWS AND RECOMMENDATIONS OF THE COURT, IF ANY, ARE

22   CONTAINED THEREIN, PURSUANT TO SECTION 1203.01 OF THE PENAL

23   CODE.

24

25        DATED THIS ___19TH___ DAY OF___ MARCH___ , 1990.

26

27

28   _____, CSR NO. 3618
                   OFFICIAL REPORTER

     EXH. A-17

EXHIBIT "B" – (1 PAGE)

FOLLOWS THIS PAGE

```
------------------------------------------------------------------------
 CDC NUMBER  | NAME                        | ETHNIC | BIRTHDATE
 E49653      | LEMONT,HERBERT,BRUCE        | WHI    | 01/27/1955
------------------------------------------------------------------------
 ACA LEMONT,HERBERT
------------------------------------------------------------------------
 TERM STARTS | MAX REL DATE       | MAX ADJ REL DT | CURRENT REL DT
 03/21/1990  | 12/19/2059         | 12/19/2059     | 12/19/2059
------------------------------------------------------------------------
                                          | PAROLE PERIOD
 BASE TERM  8/00 + ENHCMNTS  63/00 = TOT TERM  71/00 | 3 YRS
------------------------------------------------------------------------
```

PRE-PRISON + POST SENTENCE CREDITS
CASE     P2900-5 P1203-3 P2900-1 CRC-CRED MH-CRED P4019   P2931 POST-SENT  TOT
------------------------------------------------------------------------
A043632      281                          140                  25     446

REGISTRATION REQUIRED PER P290
PC296 DNA COMPLETED
NOTIFICATION REQUIRED PER PC3058.6
OTHER NOTIFICATION REQUIRED

EXHIBIT "B"

```
------------------------------------------------------------------------
 RECV DT/ COUNTY/    CASE    SENTENCE DATE        CREDIT    OFFENSE
 CNT      OFF-CODE   DESCRIPTION                  CODE      DATE
------------------------------------------------------------------------
```

CONTROLLING PRINCIPAL & CONSECUTIVE   (INCLUDES ENHANCEMENTS/OFFENSES):

```
--CONTROLLING CASE --
 3/21/1990  LA   A043632       2/23/1990
            02 P667(A)    01 PFC SERIOUS                    1
  01 P288A(C)    ORAL COP CHLD U/14                         1      05/19/1989
               (O)WPN
               12022.3(A) USE                              1
  02 P261(2)     RAPE/RESIST F/V               CS           1      05/19/1989
  03 P288A(C)    ORAL COP CHLD U/14            CS           1      05/19/1989
  04 P289(A)     RAPE FOREIGN OBJ              CS           1      05/19/1989
  05 P288A(C)    ORAL COP CHLD U/14            CS           1      05/19/1989
  06 P288A(C)    ORAL COP CHLD U/14            CS           1      05/19/1989

--CONSECUTIVE FACTORS--
 5/26/1994  DN   94050         5/26/1994
  01 P470        FORGERY                       CS           1      04/09/1993
  02 P470        FORGERY                       CS           1      04/09/1993
  03 P470        FORGERY                       CS           1      04/09/1993
  04 P470        FORGERY                       CS           1      04/09/1993
  05 P470        FORGERY                       CS           1      08/15/1991
  07 P470        FORGERY                       CS           1      09/15/1992
  09 P118        PERJURY                       CS           1      03/18/1992

 7/10/1997  DN   97079         7/10/1997  NO STRIKES: 2
  02 P4502(A)    POSS WPN BY PRIS              CS           3      10/27/1996
```

****** CONTINUED ******

# EXHIBIT C

NEXT 6 PAGES

FOLLOWS THIS PAGE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT.**
SOUTH M

**90**

| | | | |
|---|---|---|---|
| TABLE: | FEBRUARY 8 1990<br>SHEILA F POKRAS<br>J HOFFMAN | JUDGE<br>Deputy Sheriff | L FATONE<br>J LEONG | Deputy Clerk<br>Reporter |

(Parties and counsel checked if present)

A 043632-01
PEOPLE OF THE STATE OF CALIFORNIA
VS

01 LEMONT HERBERT BRUCE
288(a)c 04cts 261.2 01ct
289 01ct

Counsel for People:
DEPUTY DISTRICT ATTY: K LAMB

Counsel for Defendant: J PIPER PD

NATURE OF PROCEEDINGS          JURY TRIAL          REM          7-3-89

Jury trial continued from February 7, 1990 is resumed with
counsel and defendant present as heretofore.

Juror SHEILA WEINER is excused pursuant to stipulation of
counsel and approval of Court due to family emergency and
alternate juror SANTOS R. ESTRADA is seated as juror #10.

Cause is argued by both counsel.

Court instructs the jury and the bailiff is sworn to take
charge of the jury and alternate juror.

At 1:46 P.M., the jury commences deliberations.

At 4:07 P.M., the jury is returned into the courtroom with
the following verdicts:

TITLE OF COURT AND CAUSE
"We, the Jury in the above-entitled action, find the Defendant
HERBERT BRUCE LEMONT guilty of ORAL COPULATION OF A PERSON UNDER
14, in violation of PENAL CODE SECTION 288a(c), A FELONY, as
charged in COUNT ONE of the information.

We further find the allegation that the defendant HERBERT BRUCE
LEMONT used a firearm and deadly weapon, to wit, a flare gun,
within the meaning of Penal Code Section 12022.3(a) TRUE.

We further find the allegation that the defendant HERBERT BRUCE
LEMONT is in violation of Penal Code Section 667.9 in that the
victim in the above offense, Jennifer Keith (DOB 11-11-77),
was under the age of 14 years and said disability and condition
was known and reasonably should have been known to the defendant

Exh. C-1

DEPT. 100

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

SOUTH M

FEBRUARY 8 1990
SHEILA F POKRAS               JUDGE | L FATONE                    Deputy Clerk
J HOFFMAN              Deputy Sheriff | J LEONG                        Reporter

(Parties and counsel checked if present)

A 043632-01
PEOPLE OF THE STATE OF CALIFORNIA              Counsel for People:
              VS                               DEPUTY DISTRICT ATTY:

·01 LEMONT HERBERT BRUCE                       Counsel for Defendant:

CONTINUED FROM PAGE ONE

NATURE OF PROCEEDINGS           PAGE TWO

We further find the allegation that the defendant HERBERT BRUCE
LEMONT is in violation of Penal Code Section 667.9 in that the
victim in the above offense, Jennifer Keith (DOB 11-11-77), was
under the age of 14 years and said disability and condition
was known and reasonably should have been known to the defendant
TRUE.
this 8th day of February 1990, R.A. Wallace, Foreman.

TITLE OF COURT AND CAUSE
We, the Jury in the above-entitled action, find the Defendant
HERBERT BRUCE LEMONT guilty of ORAL COPULATION OF A PERSON UNDER
14, in violation of PENAL CODE SECTION 288(a)(c), a FELONY,
as charged in COUNT THREE of the information.

We further find the allegation that the defendant HERBERT BRUCE
LEMONT is in violation of Penal Code Section 667.9 in that the
victim in the above offense, Jennifer Keith (DOB 11-11-77), was
under the age of 14 years and said disability and condition
was known and reasonably should have been known to the defendant
TRUE.
This 8th day of February 1990, R.A. Wallace, Foreman.

TITLE OF COURT AND CAUSE
We, the Jury in the above-entitled action, find the Defendant
HERBERT BRUCE LEMONT guilty of ANAL OR GENITAL PENETRATION BY
FOREIGN OBJECT, in violation of Penal Code Section 289, a
Felony, as charged in COUNT FOUR of the information.

We further find the allegation that the defendant HERBERT BRUCE
LEMONT is in violation of Penal Code Section 667.10 in that the
victim in the above offense, Jennifer Keith (DOB 11-11-77),
was under the age of 14 years and said disability and condition

Exh. C-2

101

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT.** SOUTH M

| | | | |
|---|---|---|---|
| FEBRUARY 8 1990 | | L FATONE | Deputy Clerk |
| SHEILA F POKRAS | JUDGE | J LEONG | Reporter |
| J HOFFMAN | Deputy Sheriff | | |

(Parties and counsel checked if present)

A 043632-01
PEOPLE OF THE STATE OF CALIFORNIA        Counsel for People:
                         VS                              DEPUTY DISTRICT ATTY:

01 LEMONT HERBERT BRUCE                  Counsel for Defendant:

CONTINUED FROM PAGE TWO

NATURE OF PROCEEDINGS            PAGE THREE

a Felony, as charged in COUNT FIVE of the information.

We further find the allegation that the defendant HERBERT BRUCE
LEMONT is in violation of Penal Code Section 667.9 in that the
victim in the above offense, Jennifer Keith (DOB 11-11-77),
was under the age of 14 years and said disability and condition
was known and reasonably should have been known to the defendant
TRUE.
This 8th day of February 1990, R.A. Wallace, Foreman.

                    TITLE OF COURT AND CAUSE
We, the Jury in the above-entitled action, find the Defendant
HERBERT BRUCE LEMONT guilty of ORAL COPULATION OF A PERSON
UNDER 14, in violation of PENAL CODE SECTION 288(a)(c), a Felony,
as charged in COUNT SIX of the information.

We further find the allegation that the defendant HERBERT BRUCE
LEMONT is in violation of Penal Code Section 667.9 in that the
victim in the above offense, Jennifer Keith (DOB 11-11-77), was
under the age of 14 years and said disability and condition
was known and reasonably should have been known to the defendant
TRUE.
This 8th day of February 1990, R.A. Wallace, Foreman."

At request of defense counsel and Court the jury is polled
and all jurors answer affirmatively.  Jury verdicts and instructions
given, none refused, are filed.  Re-reading of the verdicts
while recorded is waived.  The jury is thanked and discharged.

Court trial as to the priors alledged is called for hearing.

People submit the issue of the alleged priors on People's

Exh. C-31

102

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT.**

SOUTH M

| FEBRUARY 8 1990 | | | |
| SHEILA F POKRAS | JUDGE | L FATONE | Deputy Clerk |
| J HOFFMAN | Deputy Sheriff | J LEONG | Reporter |

A 043632-01                    (Parties and counsel checked if present)

PEOPLE OF THE STATE OF CALIFORNIA           Counsel for People:
                VS                          DEPUTY DISTRICT ATTY:

01 LEMONT HERBERT BRUCE              Counsel for Defendant:

CONTINUED FROM PAGE THREE

NATURE OF PROCEEDINGS           PAGE FOUR

Court finds the priors true as alledged, however reserves
ruling as to the Oregon prior if in fact that prior
is deemed as serious felony prior within the meaning of
the California law.

Defendant is referred to the Probation Department for a
report and sentencing hearing is set for February 23, 1990
at 9:00 A.M. in this department.


REMANDED

1

**DEPT.**

10?

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

SOUTH M

| | | | |
|---|---|---|---|
| | FEBRUARY 23 1990 | | Deputy Clerk |
| RABLE: | SHEILA F POKRAS | JUDGE  L FATONE | |
| | J HOFFMAN | Deputy Sheriff  B MATSUKANE | Reporter |

(Parties and counsel checked if present)

A 043632-01

PEOPLE OF THE STATE OF CALIFORNIA                    Counsel for People:
                        VS                           DEPUTY DISTRICT ATTY:  K LAMB

01 LEMONT HERBERT BRUCE                     Counsel for Defendant:  J PIPER PD
288a(c)  04cts   261.2   289 01ct

NATURE OF PROCEEDINGS         P&S      REM     7-3-89

Cause is called for sentencing.  People's exhibit 7 (4 pages copy
statues Oregon prior) received in evidence.
Court heretofore having reserved ruling on the Oregon prior
finds prior true as to voluntary manslaughter pursuant to 667a
Penal Code.

As to Count One Defendant is sentenced to State Prison for the
high term of 8 years plus 3 years pursuant to 12022.5 Penal Code
and an additional 2 years pursuant to 667.9 Penal Code for a
total of 13 years as to Count one.

COUNT TWO:  State Prison high term 8 years plus 2 years pursuant
667.9 Penal Code for a total 10 years consecutive pursuant to
667.6(c) Penal Code.

COUNT THREE:  State Pirson high term 8 years plus 2 years
pursuant to 667.9 Penal Code for 10 years consecutive to
667.6(c) Penal Code.

COUNT FOUR:  State Prison high term 8 years plus 2 years pursuant
to 667.10 Penal Code for 10 years pursuant to 667.6(c) Penal Code,
consecutive.
COUNT FIVE:  State Pirson high term 8 years plus 2 years pursuant
to 667.9 Penal Code for 10 years consecutive pursuant to 667.6(c)
Penal Code.

COUNT SIX:  State Prison high term 8 years pursuant to 667.9 Penal
Code additional 2 years for 10 years consecutive pursuant to 667.6(c)
Penal Code.

Court additionally sentences defendant to 5 years each prior
667: Penal Code for a total 10 years.

Exh. C- 5

ATTACHMENT TO EXHIBIT "C"
EXH. C-6

101

## ABSTRACT OF JUDGMENT — COMMITMENT

FORM DSL 290

RIOR COURT OF CALIFORNIA, COUNTY OF ___LOS ANGELES___
BRANCH ___LONG BEACH___

| ID. | CASE NUMBER(S) | |
|---|---|---|
| 0 0 0 B | A043632 | - A |
| LE OF THE STATE OF CALIFORNIA    versus    XX | PRESENT | - B |
| NDANT:    LEMONT HERBERT BRUCE | NOT PRESENT | - C |
| AKA: | | - D |
| MITMENT TO STATE PRISON | AMENDED ABSTRACT | - E |
| RACT OF JUDGMENT | | |

| W HEARING | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 23 90 | SO M | SHEILA F POKRAS | L FATONE |

| ER MATSUKANE | COUNSEL FOR PEOPLE  K LAMB | COUNSEL FOR DEFENDANT  J PIPER PD | PROBATION NO. OR PROBATION OFFICER  X294006 |

FENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:

ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT

SENTENCE RELATION

| UNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO DAY YEAR | CONVICTION BY | | | | | | | | PRINCIPAL OR CONSECUTIVE TIME IMPOSED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | YEARS | MONTHS |
| 1 | PC | 288(a)(c) | ORAL COP/PER/U/14 | 89 | 02 08 90 | X | | U | | | X | | | 8 |
| 2 | PC | 261(2) | FORCIBLE RAPE | 89 | 02 08 90 | X | | U | | | X | | | 8 |
| 3 | PC | 288(a)(c) | ORAL COP/PER/U/14 | 89 | 02 08 90 | X | | U | | | X | | | 8 |
| 4 | PC | 289 | PENT/BY F/OBJECT | 89 | 02 08 90 | X | | U | | | X | | | 8 |
| 5 | PC | 288(a)(c) | ORAL COP/PER/U/14 | 89 | 02 08 90 | X | | U | | | X | | | 8 |

EHANCEMENTS (CHARGED AND FOUND, STRICKEN, TIME IMPOSED):

667.9

| RT | 12022(a) | | 12022(b) | | 12022.3(a) | | 12022.3(b) | | 12022.5 | | 12021.6(a) | | 12021.6(b) | | 12022.7 | | 12022.6 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | C/F | S | C/F | S | C/F | S | C/F | S | C/F | S | C/F | S | C/F | S | C/F | S | C/F | S | | |
| 1 | | | X | | | | | | | | | | | | | X | X | | 5 | |
| 2 | | | | | | | | | | | | | | | | X | X | | 2 | |
| 3 | | | | | | | | | | | | | | | | X | X | | 2 | |
| 4 | | | | | | | | | | | | | | | | X | X | | 2 | |
| 5 | | | | | | | | | | | | | | | | X | X | | 2 | |

COMPLETED SENTENCE(S) CONSECUTIVE:

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
|---|---|---|

5. A. NUMBER OF PRIOR PRISON TERMS:

| | § | C/F | S | I |
|---|---|---|---|---|
| | § 667.5(a) | | | |
| | § 667.5(b) | | | |
| | § 667.6(b) | | | |

B. NUMBER OF PRIOR FELONY CONVICTIONS:

| | § | I |
|---|---|---|
| | 1 | 1 |

THER ORDERS:    COUNT 4. allegation
suant to 667.10 PC for 2 years

667(a)   XXXX   1           1        10

OTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A):    10

ME STAYED § 1170.1(a) (5-YEAR LIMIT) AND/OR § 1170.1(f) (DOUBLE BASE LIMIT):    →    73

OTAL TERM IMPOSED:

ECUTION OF SENTENCE IMPOSED:

| ] AT INITIAL SENTENCING HEARING | B. [ ] AT RESENTENCING PURSUANT TO DECISION ON APPEAL | C. [ ] AFTER REVOCATION OF PROBATION | D. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d)) |

| LTE SENTENCE PRONOUNCED:  MO  DAY  YEAR  02  23  90 | CREDIT FOR TIME SPENT IN CUSTODY:  421 | TOTAL DAYS | ACTUAL LOCAL TIME  281 | LOCAL CONDUCT CREDITS  140 | STATE INSTITUTIONS  [ ] DMH    [ ] CDC |
| | | INCLUDING: | | | |

FENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

INTO THE CUSTODY OF    | [ ] CALIF. INSTITUTION FOR | [ ] CALIF. MEDICAL | XX CALIF. INSTITUTION FOR MEN - CHINO

ATTACHMENT TO EXH. "C"
EXHIBIT C/6
Exh. ████ C-6

PETITIONER'S

# EXHIBIT "D"

FOLLOWS THIS PAGE
(NEXT PAGE)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

COURT OF APPEAL - SECOND DIST.

F I L E D

SEP 19 2007

JOSEPH A. LANE                    Clerk

V. GRAY
                              Deputy Clerk

In re

HERBERT BRUCE LEMONT,

on

Habeas Corpus.

B201710

(Los Angeles County
Super. Ct. No. A043632)
(Joan Comparet-Cassani, Judge)

ORDER

BY THE COURT:

The petition for writ of habeas corpus, filed August 30, 2007, has been read and considered. The request for appointment of counsel is denied. The petition is denied. (*In re Swain* (1949) 34 Cal.2d 300, 303-304; *People v. Black* (2007) 41 Cal. 4th 799, 812-815; *In re Consiglio* (2005) 128 Cal.App.4th 511, 514; *Schriro v. Summerlin* (2004) 542 U.S. 348 [159 L.Ed.2d 442].)

EXH. "D"

PETITIONER'S

EXHIBIT  E

S157327

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

---

In re HERBERT BRUCE LAMONT on Habeas Corpus

---

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

APR − 9 2008

Frederick K. Ohlrich Clerk

_____
Deputy

_____
GEORGE
Chief Justice

EXH. "E"